UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TOMMIE LEE MCDOWELL, JR.,<br><br>                    Plaintiff,<br><br>  v.<br><br>DENNIS HOMAN, *et al.*,<br><br>                    Defendants. | Case No. 3:22-CV-00166-CLB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>[ECF No. 88] |

       Before the Court is Plaintiff Tommie Lee McDowell, Jr.'s ("McDowell") motion for reconsideration, (ECF No. 88), of this Court's March 14, 2024 Order (ECF No. 86), granting summary judgment in favor of Defendants Dennis Homan ("Homan") and Christopher Davis ("Davis") (collectively referred to as "Defendants"). Defendants responded, (ECF No. 89), and McDowell replied. (ECF No. 90.)

       A motion to reconsider must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration may be appropriate if (1) the court is presented with newly discovered evidence, (2) has committed clear error, or (3) there has been an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS*, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration is properly denied where it presents no new arguments. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). However, it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc.*, 229 F.3d at 890. As the case law indicates, motions to reconsider are granted rarely. *See, e.g., School Dist. No. 1J*, 5 F.3d at 1263.

       McDowell's motion for reconsideration asks that the order granting summary

judgment be set aside because the Court "overlooked or misunderstood" the points of fact and therefore erred in finding in favor of Defendants. (*See* ECF No. 88.) The Order granting Defendants' motion for summary judgment found Defendants were entitled to summary judgment on all four claims raised by McDowell: (1) a Fourteenth Amendment procedural due process claim about the August 2021 disciplinary action against Homan ("Claim 1"); (2) a Fourteenth Amendment procedural due process claim about the June 2022 disciplinary action against Homan and Davis ("Claim 2"); (3) a Fourteenth Amendment substantive due process claim about the June 2022 disciplinary action against Homan and Davis ("Claim 3"); and (4) conspiracy to violate Fourteenth Amendment procedural due process rights about the August 2021 disciplinary action against Davis ("Claim 4"). (*See* ECF No. 86.)

First, on Claim 1, the Order found that McDowell could not prevail because even if McDowell did have a constitutionally protected liberty interest, he was afforded all process due under the Fourteenth Amendment under the standard set by *Wolff v. McDonnell*, 418 U.S. 539, 563-570 (1974). (*Id.* at 10-13.) The Order next considered Claim 4, as it alleged that Defendants conspired to violate his Fourteenth Amendment rights as set forth in Claim 1. (*Id.* at 8, 13-14.) The Order found that because the Court found that McDowell's claim for the underlying constitutional violation, Claim 1, failed, the conspiracy claim based on those constitutional violations, Claim 4, also failed. (*Id.* at 13-14.) Next, the Order considered Claims 2 and 3 because they involved the same underlying facts and included overlapping legal principles. (*Id.* at 14.) As to both claims, the Order found without having to reach the issue of whether McDowell's rights were violated by any other individuals, Defendants were entitled to summary judgment because Defendants were not personally involved. (*Id.* at 14-16.)

McDowell does not provide the Court with new evidence. Rather, he requests the Court reevaluate the same evidence which was already presented. (*See* ECF No. 88.) The Court finds no basis to conclude it made an error in its prior ruling. Accordingly, the Court finds that McDowell has offered no newly discovered evidence, the Court did not

commit clear error, the decision was not manifestly unjust, and there is no intervening change in controlling law. Therefore, the motion for reconsideration (ECF No. 88) is **DENIED**.

**IT IS ORDERED.**

DATED: _____April 18, 2024_____.

_____
**UNITED STATES MAGISTRATE JUDGE**